J-S42044-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERRY JERON DANIELS, | : | |
| | : | |
| Appellant | : | No. 1821 MDA 2017 |

Appeal from the PCRA Order November 20, 2017
in the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000048-2006

BEFORE:  BOWES, MCLAUGHLIN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 06, 2018**

Jerry Jeron Daniels (Appellant) appeals from the November 20, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Also before us is a petition to withdraw filed by Appellant's counsel and a no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We affirm the order denying the petition and grant counsel's petition to withdraw.

On January 2, 2006, following an altercation with his wife, Appellant was charged with rape, involuntary deviate sexual intercourse, terroristic threats, and two counts of simple assault.  After Appellant continually wrote to his wife from jail, he was charged with intimidation of a witness, stalking,

* Retired Senior Judge assigned to the Superior Court.

and four counts of harassment. On December 11, 2006, a jury convicted Appellant of all counts. On February 16, 2007, Appellant was sentenced to an aggregate term of 11 to 22 years' imprisonment. This Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Daniels***, 981 A.2d 309 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 985 A.2d 970 (Pa. 2009).

On March 8, 2010, Appellant filed his first PCRA petition. The PCRA court denied his petition following an evidentiary hearing. This Court affirmed that order, and our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Daniels***, 50 A.3d 238 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 57 A.3d 66 (Pa. 2012) (unpublished memorandum).

On September 22, 2017, Appellant filed *pro se* a second PCRA petition. The PCRA court appointed Thomas R. Nell, Esquire, to represent Appellant. Counsel did not amend or seek to amend Appellant's petition. On October 23, 2017, the PCRA court conducted a pre-hearing conference. Two days later, on October 25, 2017, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 informing Appellant that it planned to deny his petition without a hearing. Appellant did not file a response, and the PCRA court entered an order denying his petition on November 20, 2017.

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Thereafter, Attorney Nell sought from this Court leave to withdraw his representation of Appellant pursuant to *Turner*/*Finley*. Initially, Attorney Nell failed to meet all of the technical requirements of *Turner/Finley*. This Court ordered Attorney Nell to issue a revised letter to Appellant, which explained that Appellant did not have to wait until this Court ruled on the request to withdraw in order to proceed *pro se* or through private counsel. Attorney Nell complied, and Appellant filed *pro se* a response to Attorney Nell's request to withdraw.

Before we may address the potential merit of Appellant's claims, we must determine if counsel has complied with the technical requirements of *Turner* and *Finley*.

> … *Turner*/*Finley* counsel must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.

> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

We are satisfied that counsel has substantially complied with the technical requirements of *Turner* and *Finley*. However, before we may consider the merits, we must first determine whether Appellant has timely filed his petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.

§ 9545(b)(3). Here, our Supreme Court denied Appellant's petition for allowance of appeal on December 9, 2009. Appellant did not seek further review by the United States Supreme Court. Thus, his judgment of sentence became final 90 days later on March 9, 2010, and he had one year to file timely a PCRA petition. Thus, Appellant's September 22, 2017 petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

Although Appellant did not cite to 42 Pa.C.S. § 9545 in his PCRA petition, it is apparent that he was attempting to plead the exception set forth in subsection 9545(b)(1)(iii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."). In asserting the exception, Appellant relies on our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), which held that the registration and reporting provisions of the Sex Offender Registration and Notification Act (SORNA) are punitive, and retroactive application of these provisions are unconstitutional.

This Court considered whether ***Muniz*** applies under similar circumstances in ***Commonwealth v. Murphy***, 180 A.3d 402 (Pa. Super. 2018). In that case, Murphy was convicted of a number of sex-related crimes in 2007, and after review, his judgment of sentence became final on July 28, 2009. On October 18, 2017, while a serial PCRA petition was pending in this Court, Murphy filed a motion asserting that ***Muniz*** renders portions of his sentence unconstitutional. This Court considered that argument and offered the following.

> Here, we acknowledge that **this Court** has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera–Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in ***Rivera–Figueroa***), he must demonstrate that the **Pennsylvania Supreme Court** has held that ***Muniz*** applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on ***Muniz*** to meet that timeliness exception.

***Murphy***, 180 A.3d at 405–06 (emphasis in original; some citations omitted).

In other words, this Court concluded that the holding in ***Muniz*** does not apply at this point to untimely-filed PCRA petitions. This Court acknowledges that "if the Pennsylvania Supreme Court issues a decision holding that ***Muniz*** applies retroactively, Murphy can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception in [sub]section 9545(b)(1)(iii)." ***Murphy***, 180 A.3d at 406 n.1. The same holds true for Appellant.

Based on the foregoing, we conclude that Appellant's petition was untimely filed, and he did not satisfy an exception to the timeliness requirements. Thus, the PCRA court lacked jurisdiction to hear his petition, and he is not entitled to relief. We therefore affirm the order dismissing the PCRA petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/06/2018